**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| James Jay Witemyre, | : | |
| | : | |
| Plaintiff, | : | Case No. 1:21-cv-00314 |
| | : | |
| | : | Judge _____ |
| v. | : | |
| | : | |
| GE Aviation Systems | : | **NOTICE OF REMOVAL** |
| North America, LLC | : | |
| | : | |
| Defendant. | : | |

GE Aviation Systems North America, LLC (hereinafter "GE Aviation"), by counsel and pursuant to 28 U.S.C. §§1331, 1441 and 1446, hereby gives notice of the removal of the above-styled action to this Court.  In support of its Notice of Removal, GE Aviation states as follows:

## I.     THE REMOVED CASE

1.     Plaintiff James Jay Witemyre ("Plaintiff") filed this action on April 5, 2021 in the Court of Common Pleas for Hamilton County, Ohio as *James Jay Witemyre v. GE Aviation Systems North America, LLC*, Case No. A-2101182 (the "State Court Action").

2.     True and accurate copies of all process, pleadings, and orders served, filed, or entered in the State Court Action as of the date of the filing of this removal are attached hereto as **Exhibit A**.

3.     GE Aviation is not properly named as the Defendant in this matter.  Plaintiff alleges that GE Aviation was his employer, but his actual employer was a company named GE Flight Efficiency Services, Inc.  Defendant will move to substitute the proper party in a subsequent pleading.

4.      While Defendant contends that the allegations in Plaintiff's Complaint are without merit, Plaintiff's Complaint seeks damages for age discrimination and disability discrimination under Ohio R.C. §4112 as well as damages for breach of contract and unjust enrichment.  (Ex. A, Compl. ¶¶ 32–47)  Plaintiff demanded a jury trial.  *Id.* at 6.

5.      On April 9, 2021, GE Aviation was served the Summons and Complaint in this matter.

6.      GE Aviation has not filed an answer or otherwise responded to the Complaint.  This Notice of Removal is filed within thirty (30) days of GE Aviation's notice of the lawsuit and is timely filed under 28 U.S.C. § 1446(b).

7.      In accordance with 28 U.S.C. § 1446(a), venue is properly placed in the United States District Court for the Southern District of Ohio because it is the district court for the district and division within which the State Court Action is pending (Court of Common Pleas of Hamilton, Ohio).

## II.    DIVERSITY JURISDICTION

8.      This above-described action is one that may be removed by GE Aviation pursuant to the provisions of 28 USC §1441 on the basis of diversity jurisdiction. This Court has original subject matter jurisdiction over this action under 28 U.S.C. § 1332, diversity of citizenship, as this is a case that involves citizens of different states and exceeds the sum of value of $75,000, provided Plaintiff has stated a claim and further that Plaintiff has not caused any procedural defects to have been made.

### a.  AMOUNT IN CONTROVERSY

9.      Plaintiff's Complaint does not state an amount in controversy. The Court may look to this Notice of Removal to determine whether the amount in controversy exceeds $75,000. *See*

*Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 551, 553 (2014) (stating that the amount in controversy must be plausibly alleged through a "short and plain" statement and "when a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court.")

10.  Plaintiff's Complaint states that he is seeking compensation for "lost wages and lost benefits beginning on May 31, 2020" as well as allegedly owed commissions, attorney's fees, and all other relief to which he may be entitled. (*See* Ex. A, Compl. at p. 6 (Prayer for Relief and Jury Demand)).  Given Plaintiff's high salary at the time of his termination and his demands for ancillary damages, the potential damages Plaintiff seeks are well in excess of the $75,000 amount in controversy threshold required for diversity jurisdiction.

### b.  DIVERSITY OF CITIZENSHIP

11.  Upon information and belief, Plaintiff is, and was at the institution of this civil action, a citizen of the State of Kentucky.  *Id.* at ¶1.

12.  GE Aviation is not a citizen of Kentucky.  For diversity purposes, an LLC is considered to be a citizen of every state in which its members are citizens. *See, e.g.*, *Lattimer v. Nationwide Mut. Ins. Co.*, Case No. 3:20-cv-028, 2020 U.S. Dist. LEXIS 181316 (S.D. Ohio Sep. 30, 2020).  The only member of GE Aviation is GE UK Industrial Holdings, LLC, and the only member of GE UK Industrial Holdings, LLC is General Electric International, Inc., a corporation incorporated in Delaware with a principal place of business in Massachusetts.  In accordance with 28 U.S.C. § 1332(c)(1), GE Aviation is now, and was at the time of the commencement of this action, a citizen of Massachusetts and Delaware.  Accordingly, GE Aviation is not now, and was not at the time the Complaint was filed, a citizen of the state of Kentucky.

13.     Plaintiff's actual employer in this matter, GE Flight Efficiency Services, Inc., is also not a citizen of Kentucky for diversity purposes.  GE Flight Efficiency Services, Inc. is incorporated in the state of Texas with a principal place of business in Texas.  Accordingly, GE Flight Efficiency Services, Inc. is not now, and was not at the time the Complaint was filed, a citizen of the state of Kentucky.

14.     Therefore, there is a complete diversity of citizenship between Plaintiff and both the named defendant (GE Aviation) and the correct defendant (GE Flight Efficiency Services, Inc.) under 28 U.S.C. § 1332.

15.     Given the facts and circumstances set forth above, this constitutes an action which originally could have been brought before this Court pursuant to 28 U.S.C. § 1331 and may be removed by GE Aviation herein pursuant to 28 U.S.C. § 1441(a).

16.     For all of the foregoing reasons, this Action is removable in its entirety because it falls within this Court's diversity jurisdiction as set forth in 28 U.S.C. § 1332 and meets all of the requirements for removal under 28 U.S.C. §§ 1441 and 1446.

17.     In accordance with 28 U.S.C. § 1446(d), GE Aviation will promptly provide written notice of the filing of this Notice to Plaintiff.

18.     Pursuant to 28 U.S.C. § 1446(d), GE Aviation will file a duplicate copy of this Notice with the Clerk of the Court of Common Pleas of Hamilton County, Ohio.

19.     By virtue of this Notice for Removal, GE Aviation does not waive its rights to answer the Complaint, to assert any claims or defenses, or to make other motions related to Plaintiff's claims.

WHEREFORE, GE Aviation removes this action to the United States District Court for the Southern District of Ohio and requests that the Court of Common Pleas of Hamilton County, Ohio proceed no further with respect to matters at issue in this action.

Dated: May 7, 2021

/s/ *Allison L. Goico*

Allison L. Goico (OH 0088777)
S. Joseph Stephens, III (OH 0093883)
DINSMORE & SHOHL LLP
255 East Fifth Street, Suite 1900
Cincinnati, Ohio 45202
P: (513) 977-8200
F: (513) 977-8141
Allison.goico@dinsmore.com
Joseph.stephens@dinsmore.com

***Counsel for Defendant***

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served the foregoing **NOTICE OF REMOVAL** by mailing a copy of the same via United States mail, with sufficient postage thereon to ensure delivery and addressed to:

Stacey L. Graus, Esq.
ADAMS LAW, P.L.L.C.
40 West Pike Street
Covington, Kentucky 41011
P: (859) 394-6200
F: (859) 392-7253
sgraus@adamsattorneys.com

*Counsel for Plaintiff*

Date: May 7, 2021

/s/ *S. Joseph Stephens, III*
***Counsel for Defendant***